CLD-055                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2749
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2019
Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: December 3, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2004, following a jury trial in the United States District Court for the Western District of Pennsylvania, Frederick Banks was convicted of mail fraud, copyright infringement, and additional related offenses. We affirmed. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). He has now completed serving his terms of imprisonment and supervised release.[1]

In June 2019, Banks moved the District Court to reopen his criminal case and order the Government to disclose the existence of any warrants issued under the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 (FISA). The District Court concluded that there is no evidence that a FISA warrant existed in this case and denied Banks's motion to reopen.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We may summarily affirm a district court's order when an appeal fails to present a substantial question. See Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm. As Banks recognizes, he has previously made similar requests in both this Court and in the District Court, all of which have been denied. Because he again failed to provide any support for his allegation that the Government used evidence obtained under the FISA against him at trial, the District Court acted well within its discretion in denying his motion to reopen. See Pridgen v. Shannon, 380 F.3d

---

[1] Banks is presently incarcerated awaiting trial on unrelated charges.

721, 728 (3d Cir. 2004) ("[O]nly extraordinary, and special circumstances justify relief under Rule 60(b)(6)." (internal quotation marks omitted)).  Similarly, to the extent that Banks believes that he is currently under electronic surveillance because of an "ongoing high-pitched tone" in his ears, he provided no evidence whatsoever to support reopening.

Accordingly, we will summarily affirm the District Court's order.